■ In the Matter of NATALIE T., Alleged to be a Permanently Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANYA T. et al., Appellants.—Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Kepner, Jr., J.), entered November 29, 1985, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Natalie T. a permanently neglected child, and terminated respondents' parental rights.

Respondents are the natural parents of Natalie T., the subject of this proceeding, who is now 16 years old. The child had a history of delinquent behavior and was removed from respondents' home by court order and placed with petitioner on July 27, 1983. On September 6, 1983, respondents, by stipulation with petitioner, agreed that Natalie had been neglected and consented that she be placed in foster care.

The parties were unable to agree on a plan to return Natalie to respondents and, on August 6, 1984, petitioner filed a petition seeking an adjudication that the child was permanently neglected and terminating respondents' parental rights. After a fact-finding hearing, Family Court found that Natalie was a permanently neglected child and, after a dispositional hearing, terminated respondents' parental rights. This appeal by respondents ensued.

Social Services Law § 384-b (7) (a) defines a permanently neglected child as one: "who is in the care of an authorized agency and whose parent or custodian has failed for a period of * * * one year following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child." Respondents argue that petitioner failed to make diligent efforts for the one-year period. The child came into petitioner's custody on July 27, 1983 and the permanent neglect petition was filed

on August 6, 1984. Respondents point out, though, that since the neglect order was not issued until September 6, 1983, they and petitioner were in an adversary position until then. Thus, respondents reason that petitioner did not exercise diligent efforts for one year. In our view, the one-year requirement of the statute was not intended to place a time frame on the efforts of the agency to reunite the family. The focus of the one-year time period is on the neglectful conduct of the parents. During such time the agency must make diligent efforts to strengthen the parental relationship. However, we do not read the statute as requiring that such diligent efforts must be made continuously for one year. Such efforts must be examined qualitatively rather than quantitatively. Of course, if the efforts of the agency are made only for a brief period of time, this factor weighs on whether they were diligent.

Turning to the issue of the diligence of petitioner's efforts, we are satisfied from our review of the record that petitioner complied with the statutory requirement. The consent order stated that respondents were to cooperate with petitioner. The caseworker and a psychologist took the position that a psychological or psychiatric evaluation of respondents was necessary. Respondents adamantly refused to comply, professing a disbelief in that field of science. Such refusal frustrated any efforts by petitioner to reunite the family. The caseworker tried on a number of occasions to convince respondents to be evaluated, but they refused. Faced with such utterly uncooperative parents, petitioner cannot be faulted for its efforts in attempting to foster the parental relationship *(see, Matter of Sheila G.,* 61 NY2d 368, 385).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.